# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: THE COMPLAINT OF NOVA GROUP, INC., et al. FOR EXONERATION FROM, OR LIMITATION OF, LIABILITY, | Case No. 20-cv-1202-MMA (AHG)<br><br>**ORDER RE: JOINT MOTION TO CONSOLIDATE AND ORDER PROCEEDINGS**<br><br>[Doc. No. 17] |

Plaintiffs-in-Limitation Nova Group, Inc., Shimmick Construction Company, Inc., and Nova Shimmick (collectively, "Plaintiffs") and Claimant Richard Chavez ("Claimant") jointly seek an order resolving several procedural issues. *See* Doc. No. 17. First, the parties request the Court to consolidate the concurrently pending personal injury action (*Chavez v. Shimmick Construction Company, Inc.*, No. 20-cv-594-MMA (AHG) (S.D. Cal.)) and this limitation action into a single proceeding. *See id.* at 2. The parties seek to lift the stay on the personal injury action and for the personal injury action to "serve as the 'Lead Case' for filing purposes." *Id.* Second, the parties request that "the Scheduling Order issued in the Personal Injury Action on June 17, 2020 (Dkt. #30) be reinstated and binding upon the consolidated action." *Id.* at 3. Third, the parties request

that "a joint bench and jury trial be conducted with one presentation of evidence." *Id.* at 4. Fourth, the parties request "the Court to set an Early Neutral Evaluation in the consolidated proceeding on or around October 22, 2020, subject to the Court's availability." *Id.* at 5. Fifth, the parties request that all motions filed in the limitation action prior to the consolidation not be stayed and be treated as if they were properly filed in the consolidated action. *See id.* The Court rules on each request in turn.

The Court **GRANTS** the parties' consolidation request and administratively **CONSOLIDATES** cases 20-cv-594-MMA (AHG) and 20-cv-1202-MMA (AHG). The Court **LIFTS** the stay on the personal injury action to the extent necessary to effectuate this Order. The Court **ORDERS** that the personal injury action serve as the lead case for filing and administrative purposes.

The Court **REFERS** the parties' request to reinstate the scheduling order issued in the personal injury action to the Magistrate Judge.

The Court **GRANTS** the parties' request to conduct a joint bench and jury trial with one presentation of evidence. The Court will determine the facts and conclusions necessary to the Limitation of Liability issues and the jury will return a Special Verdict with respect to the Jones Act issues. In the event that any evidence is presented that would be exclusively relevant to the Limitation of Liability action, it will be taken in the absence of the jury. The Court shall determine the issues pertinent to the defense of exoneration prior to any other decisions being made final by the Court or the jury. If exoneration is denied, the jury shall determine liability and damages, if any, arising from Claimant's Jones Act negligence and unseaworthiness causes of action. If liability and damages are found and exceed the value of the limitation fund, the Court shall determine the issues of limitation. If the jury's Special Verdict is rendered prior to the Court's determination of the Limitation of Liability issues, it will be considered advisory as to any common issues.

The Court **REFERS** the parties' request to schedule an Early Neutral Evaluation to the Magistrate Judge.

The Court **GRANTS** the parties' request that all motions filed in the limitation action prior to consolidation be treated as if they were properly filed in the consolidated action.

**IT IS SO ORDERED**.

Dated: August 20, 2020

HON. MICHAEL M. ANELLO
United States District Judge